Judge ItoniatTso??
delivered the opinion of the Court.
This was a suit to foreclose a mortgage, executed by Robert Todd, R. S. on a house and lot, to -Cannon, afterwards modified by an extension of time, and an agreement, by Todd, Bainbridge, Price and Shipman, entered into, in writing, that if they, or some of them, did not pat the money in a given time, the house and lot should be sold by Cannon; and if the sale should not satisfy the debt, Bainbridge and Price were to pay; but if it should be paid, that the title should bo conveyed to Bainbridge.
These contracts being assigned to Owen, he filed his bill against all the said persons, and Slaving obtained a decree, nisi, and the debt not being paid, according to the requisition of the decree, the house and lot were, by order of court, sold, and were purchased by Tyler, at §100; for which the purchaser and Bainbridge, executed their bond. The court decreed that Bainbridge and Price, should pay the balance of the debt.
To reverse this decree Bainbridge has brought the case to this court.
As the original debt, was a debt of Price and Ship-man, and as Shipman was a party to the mortgage, he was a necessary party to this suit.
An attempt was made to make him a defendant, by advertisement, but there is no evidence that the order was ever published according to law. A certi *464 ficate of publication is filed in the record; bulitdoes not, on its face, purport editor. to have been given by the
To render de-Ifbefore íísary i court, is for. fries are be-
at ms-ney,’ means ‘tender money’ or constitutional coin, and will be so taken by court, in absence of proof to con* trary.
*464 Shipman was therefore, not a defendant, and consequently, the court erred in rendering a decree before the case was prepared for hearing. What effect a reversal of the decree, alter a sale ot the property, may have on the title, of the purchaser, is an ulterior question, not now presented for decision; nor, as a general rule, would it be proper to notice the merits of a decree, when it must be reversed for want of proper parties. But there are two points in this case, the decision of which, now, cannot give any undue advantage to either party, and which, therefore, it may not be improper to notice; lest, if they be prefer-initted, the case, after being reversed, may come here again.
1st. Bainbridgo insists that the mortgagors had a right to pay the debt, , in notes of the Bank of the Commonwealth. The facts in relation to this point, are these: Shipman and Price wereindebled to Cannon. He obtained judgment, and issued a fieri faciae against them; the execution was levied on the house and lot mentioned in the mortgage. The debt was for specie; but the execution was endorsed for bank paper; before the sale, it was agreed between Cannon and Todd, that the latter should buy the house and lot, and execute a deed for them to Cannon, redeemable in twelve months, by the payment of the amount of the execution, and six per cent, interest thereon, in “current money.” Todd, accordingly purchased, and made the conveyance, accompanied with the defeasance. Atthe expiration of the credit given, the debt not having been paid, Todd, Bainbridge, Shipman and Price, made the contract which has been before recited, and which stipulated for payment in “current money”
Cannon denies thatthe expressions“cuventmoney,’.’ were intended to mean any thing else than gold or' silver coin; and there is no proof on the subject, except what is furnished by the written contract.
It has been decided by this court, that “current money” means “tender money,” or constitutional coin*
Quaere. Is this the inflexible meaning of the terms? Mortgagee in possession, ‘in. propria pér-sona,’ is responsible for reasonable rent.
If, in possession, by tenant, he is responsible only for rent reserved, unless be [ms, by fraud or wilful neglect, reserved less than he might have gotten. Mortgagee’in possession, is bound to keep estate in such repair, as to preserve it.
He is responsible for waste.
Whether this is the necessary and inflexible-import of these terms, in all cases, and under all circumstances, it would be useless now to inquire.* It is certainly their literal and apparent import; and there is no proof, either positive or inferential, which could control or qualify it; such as that at the time and place of the contract, they hada different acceptation by the people generally.
The fact, that by his endorsement, Cannon had agreed to take commonwealth’s paper, is of itself, and alone, immaterial. This endorsement only bound Cannon to receive paper, if his judgment should be coerced by execution. He did not agree to take the paper at any time, or under any circumstances.' If he had sued on his judgment, he might have made the specie, and it was certainly his privilege, to surrender bis judgment, and make a new contract, in which he was at liberty to require money for indulgence.
Wherefore, it would result, that the decree for money was proper.
2d. Bainbridge urges that Owen is responsible for waste and rents. Owen denies that he ever had the house in his possession; and on this subject, there 'is no proof.
But it appears that Owen, supposing that he had the power, under the mortgage, to sell (he property without a decree, did sell it, and bought it himself. If, after this, he permitted any of the parties to occupy it, he is not liable for rent or waste. But, it was either occupied by himself, or some other, by his authority, or was not occupied at all, for want of authority from him to occupy it.
If it were occupied by himself, he is responsible for the reasonable value of,its use; if occupied by his tenant, he is liable for, the amount which he received, and no more; and if not occupied at all, by reason of his claim to it, he is liable for what it ought to have rented for, unless he could shew, that he could not rent it out.
A mortgagee in possession, is not responsible for more than the rent, or profit, which he receives.
Crittenden and Iiaggin, for plaintiffs; Denny, for defendant.
If he be actually in possession “in propria persona? he should account for the reasonable, that is, the natural and ordinary value of the Use. If he be in possession by a tenant, he should account for no more than the rent reserved; unless, by fraud or wilful neglect, he has received .less than he might have gotten. II. Powell on Mortgages, 1028; I. Vernon, 476; III. Ba. Ab. 657-8; Head vs. Overton,I. J. J. Marshall, 557.
A mortgagee in posséssion, is bound to lay out money, to keep the estate in necessary repair, or preserve it. I. Pr. Wms. 261; III. Atkins, 581.
He is responsible for waste. I. Pr. Wms. 288-9.
But, as in this case, there was no evidence of either waste or occupancy, by Owen, or that the property suffered, or was unoccupied, in .consequence of his assertion of right to it, or exercise, or claim of proprietorship, in virtue of his irregular purchase, the decree of the court on this point was proper. ;
Wherefore, for want of proper parties only, the decree is reversed, and'the cause remanded, for such further proceedings as may be consistent with this opinion; and for a dismission of the bill, without prejudice, if Owen shall fail in a reasonable time to bring Shipman before the court.